AO 245D   (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of Illinois

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| DAVID KEITH DUFFY, JR. | |
| | Case No. 4:02CR40053-006-JPG |
| | USM No. 05875-025 |
| | Judith A. Kuenneke, AFPD |
| | Defendant's Attorney |

**FILED JUN 29 2010**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   as alleged below   of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Statutory | The defendant commited the offense of Possession of Controlled Substance and with Intent to Deliver | 02/14/2010 |
| Standard # 1 | The defendant left judicial district without permission | 02/14/2010 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 6395

Defendant's Year of Birth: 1976

City and State of Defendant's Residence:
New Haven, IL 62867

06/24/2010
Date of Imposition of Judgment

Signature of Judge

J. Phil Gilbert                    District Judge
Name and Title of Judge

June 29, 2010
Date

DEFENDANT: DAVID KEITH DUFFY, JR.
CASE NUMBER: 4:02CR40053-006-JPG

Judgment—Page 2 of 5

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Standard # 2 | The defendant failed to submit monthly reports timely | 01/30/2008 |
| Standard # 9 | The defendant associated with a convicted felon without permission | 01/19/2008 |
| Standard # 11 | The defendant failed to notify probation of being questioned by police | 01/19/2008 |
| Special | The defendant used alcohol while in substance abuse counseling | 01/19/2008 |

DEFENDANT: DAVID KEITH DUFFY, JR.
CASE NUMBER: 4:02CR40053-006-JPG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

36 months (This sentence shall run consecutive to the State Court sentence that the defendant is now serving in Ford Couty, Illinois jail).

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in the Intensive Drug Treatment Program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAVID KEITH DUFFY, JR.
CASE NUMBER: 4:02CR40053-006-JPG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
24 months

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID KEITH DUFFY, JR.
CASE NUMBER: 4:02CR40053-006-JPG

Judgment—Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

X   The defendant shall participate as directed by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility. Any participation will require complete abstinence from all alcoholic beverages. . The defendant shall pay for the costs associated with substance abuse counseling and/ or testing based on a copay sliding fee scale approved by the United States probation Office. Copay shall never exceed the total costs of counseling. The number of tests shall not exceed 52 in a one year period.

X   All criminal monetary penalties, resitution and forfeitures previously imposed shall continue to remain in full force and effect.